IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| JEREMY BARTER, | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| vs. | ) | Civil No. 10-cv-248-DRH-PMF |
| | ) | |
| THE AMERICAN COAL COMPANY, | ) | |
| | ) | |
| Defendant | ) | |

RESPONSE TO OBJECTION TO OR APPEAL FROM MAGISTRATE'S
ORDER OF NOVEMBER 12, 2010 (Doc 22)

Now Comes the plaintiff, Jeremy Barter, by his attorneys Howerton Dorris & Stone and for his response to defendant's Objection To Or Appeal From Magistrate's Order of November 12, 2010 (Doc 22), states:

Argument

When one sifts through defendant's complaints about Judge Frazier and the Court Ordered process of handling discovery disputes (See Doc 9), two truths become plain:

1)  Defendant has no support nor offered any authority for its objections to relevance; and

2)  Defendant possesses the information sought.

Great, therefore, is the temptation to conclude here. That said:

At page 4 of its "Objection To Or Appeal From Magistrate's Order of November 12, 2010, Defendant complains that plaintiff did not follow the Federal Rules of Civil Procedure nor Local Rule, but instead "elected to take

advantage of an informal conference regarding discovery disputes as provided on Magistrate Judge Frazier's web page on the Court's formal Website."

Plaintiff took no advantage. Rather, plaintiff complied with an Order of the Court -- Document 9 entitled an Order Regarding Discovery, to wit:

> Discovery disputes which cannot be resolved through informal means pursuant to Federal Rule of Civil Procedure 37 shall be handled in the following manner. The party seeking the discovery shall be responsible for arranging for a prompt telephone conference with the Court and opposing counsel, by first contacting Karen Metheney, Courtroom Deputy to Judge Frazier, at 618-439-7754. If written discovery is involved, the disputed portion(s) shall be faxed to the Court prior to the telephone conference. Motions to Compel discovery and/or for appropriate sanctions shall be presented orally at the telephone conference. Written motions to compel or legal memoranda will not be accepted unless specifically requested by the Court. Expense of the call will be borne by the non-prevailing party. Signed by Magistrate Judge Philip M. Frazier on 4/26/2010. (krm) THIS TEXT ENTRY IS AN ORDER OF THE COURT. NO FURTHER DOCUMENTATION WILL BE MAILED. (Entered: 04/26/2010)

At page 4, defendant complains that its counsel was not provided an opportunity to be heard and has made representations critical of Judge Frazier's handling of the discovery conference call. Plaintiff defers to the Court whether to ask Judge Frazier about defendant's recollection of both the substance and tenor of the call.

Plaintiff would add only that Local Rule 33.1 requires a litigant to cite authority for its objections. Defendant cited no authority for its relevance objections and offered none here. Instead, it argues that plaintiff must justify relevance to defendant, which according to the Rules is exactly backward.

To state what must have been obvious to Judge Frazier and certainly to this court:

A finder of fact can infer retaliatory motive to discharge from how other employees, who had filed workers compensation claims, were treated. Unless defendant or an agent of defendant stands ready to admit a retaliatory motive for its employment decisions, plaintiff must rely on circumstantial and/or indirect evidence to sustain his claim. To that end, the relationship between defendant and employees who filed claims for workers compensation is particularly important.

Because plaintiff often must rely on this indirect method of proof, defendant's objections to the pursuit of this information should be examined with caution.

Defendant complains at length about the burdens of gathering the information sought, but it does so without revealing the number of workers compensation files it must examine. Interrogatory #5 asked Defendant to list those employees who had filed workers compensation claims, but defendant did not provide a direct answer. Instead, it provided a long list of persons who reported on the job injuries, while admitting the number of workers compensation claims arising from these reported injuries was "far less." (See footnote 2).

Defendant then asserts that neither it nor its insurer keeps "computer-stored or electronic record" of claims filed, and thus compliance would require a manual search, for which defendant claims it lacks the manpower to perform. (Page 6.)

Of the assertions of lack of information or what was or was not electronically stored or the burden associated with gathering the information sought, none is verified or supported by affidavit. For example, it claims compliance would require a manual search of "many boxes," but does not mention how many boxes, the number of files in the box, *et cetera*. The good news of course is that defendant admits the information exists and is in boxes.

Defendant's proposed solution or "compromise" is to produce only that which is on a computer. This solution or "compromise" limits discovery to the convenience of defendant rather than relevance. Moreover, it ignores the underlying truth. The information sought is available; it is stored in boxes, and the number of files is "far less" than the number of employees listed in response to its answer to Interrogatory #5.

Defendant's next complaint is a bit ironic. It complains that its own previous failure to answer Interrogatory #5 now creates a burden on defendant should plaintiff seek a true answer, one actually responsive to Interrogatory #5.

The Court will no doubt discern, however, that any burden of answering Interrogatory #5 will be lifted by defendant actually answering Interrogatories 6 and 7.

Lastly, and this point brings the matter full circle: Defendant claims it can answer the discovery but would need 30-45 days.

Plaintiff's discovery was served June 10, 2010.  If the court is willing to indulge defendant, Plaintiff is willing to wait.

Wherefore, plaintiff prays that this Court overrule the Objection and/or Deny the Appeal of the Magistrates Order entered November 22, 2010, and to provide whatever relief from the Order it deems just to allow defendant additional time to respond to the discovery sought.  To that end, plaintiff prays that the Court refer the matter to Magistrate Frazier for a revised scheduling order in keeping with its Order.

Respectfully submitted,

HOWERTON, DORRIS & STONE

By   /s/ Stephen W. Stone_____
Stephen W. Stone
300 West Main Street
Marion, IL 62959
Telephone:  (618) 993-2616
Facsimile:  (618)997-1845
Attorney Bar No. 6204573

HOWERTON, DORRIS & STONE
300 West Main Street
Marion, IL  62959
Telephone:  (618) 993-2616

Attorneys for Plaintiff

Certificate of Service

      I hereby certify that on November 29, 2010, I electronically filed Plaintiff's Response to Defendant's OBJECTION TO OR APPEAL FROM MAGISTRATE'S ORDER OF NOVEMBER 12, 2010 with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

      William A. Schmitt
      Laura C. Hayden
      Ryan T. Barke
      Greensfelder, Hemker & Gale
      Attorneys at Law
      12 Wolf Creek Drive, Suite 100
      Swansea, IL 62226
      was@greensfelder.com
      lch@greensfelder.com
      rtb@greensfelder.com

and if unregistered to receive notice electronically, I hereby certify that on November 29, 2010, I mailed by United States Postal Service, the document to the following non-registered participants, if applicable:

N/A


      Respectfully submitted,


      HOWERTON, DORRIS & STONE

      By  /s/ Stephen W. Stone
      Stephen W. Stone
      300 West Main Street
      Marion, IL 62959
      Telephone: (618) 993-2616
      Facsimile: (618)997-1845
      Attorney Bar No. 6204573


HOWERTON, DORRIS & STONE
300 West Main Street
Marion, IL 62959
Telephone: (618) 993-2616

Attorneys for Plaintiff