IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

**JEREMY BARTER,**

    **Plaintiff,**

v.

**THE AMERICAN COAL COMPANY,**

    **Defendant.**                              **Case No. 10-cv-248-DRH**

### MEMORANDUM & ORDER

**HERNDON, Chief Judge:**

Before the Court is Defendant's Objection to, or Appeal From, Magistrate's Order of November 12, 2010 (Doc. 22), made pursuant to **FEDERAL RULE OF CIVIL PROCEDURE 72(a)** and the Court's Local Rule 73.1, to which Plaintiff has filed his opposing Response (Doc. 23). The Order being appealed was issued by United States Magistrate Judge Frazier on November 12, 2010 (Doc. 21). The following Interrogatories at issue are set forth herein, as recounted in Defendant's appeal (Doc. 22, pp. 2-3):

> Plaintiff's Interrogatory 5: List the name, address and telephone number of each employee of defendant who has filed a worker's compensation claim in the last five (5) years.
>
> > **DEFENDANT'S RESPONSE:** Defendant objects to this Interrogatory as being vague, overly broad, unduly burdensome and seeks information neither relevant nor material nor reasonably calculated to lead to the

discovery of admissible evidence. Notwithstanding and without waiving the objection, TACC attaches a listing of employees who reported an on-the-job accident for the years 2003 through 2007, Bates #Barter 00001 - Barter 00053.

<u>Plaintiff's Interrogatory 6</u>: For each such person listed in response to Interrogatory No. 5, state their current employment status, and if no longer employed, state the date of separation and the reason for separation, that is whether the separation was by retirement, voluntary separation, lay-off or termination.

> **DEFENDANT'S RESPONSE:** Defendant objects to this Interrogatory as being vague, overly broad, unduly burdensome, and seeks information neither relevant nor material nor reasonably calculated to lead to the discovery of admissible evidence.

<u>Plaintiff's Interrogatory 7</u>: For each such separation described in answer to Interrogatory No. 5, state whether the separation, resignation and/or retirement was a settlement term of that employee's compensation claim.

> **DEFENDANT'S RESPONSE:** Defendant objects to this Interrogatory as being vague, overly broad, unduly burdensome, and seeks information neither relevant nor material nor reasonably calculated to lead to the discovery of admissible evidence.

Pursuant to Judge Frazier's Order Regarding Discovery, issued in this

case on April 26, 2010 (Doc. 9),[1] a telephonic discovery dispute conference was held between the Parties concerning Defendant's objections to Plaintiff's Interrogatories 6 and 7. The same day of the telephonic discovery dispute conference, Judge Frazier issued a minute order overruling Defendant's objections to Plaintiff's Interrogatories 6 and 7 and directing Defendant to answer said Interrogatories within ten days from the date of the order (Doc. 21). Again, this is the ruling from which Defendant currently appeals (Doc. 22).

When attempting to appeal a decision of a Magistrate Judge, **Local Rule 73.1(a)** provides:

> Any party may appeal a Magistrate Judge's order determining a motion or matter within 14 days after issuance of the Magistrate Judge's order, unless a different time is prescribed by the Magistrate Judge or a District Judge. The party shall file with the Clerk of Court and serve on all parties a written request for an appeal which shall specifically designate the order or part of the order that the parties wish the Court to reconsider. A District Judge shall reconsider the matter and shall set aside any portion of the Magistrate Judge's order found to be clearly erroneous or contrary to law. A District Judge may also reconsider sua sponte any matter determined by a Magistrate Judge under this rule.

---

[1] The Order reads as follows:
Discovery disputes which cannot be resolved through informal means pursuant to Federal Rule of Civil Procedure 37 shall be handled in the following manner. The party seeking the discovery shall be responsible for arranging for a prompt telephone conference with the Court and opposing counsel, by first contacting Karen Metheney, Courtroom Deputy to Judge Frazier, at 618-439-7754. If written discovery is involved, the disputed portion(s) shall be faxed to the Court prior to the telephone conference. Motions to Compel discovery and/or for appropriate sanctions shall be presented orally at the telephone conference. Written motions to compel or legal memoranda will not be accepted unless specifically requested by the Court. Expense of the call will be borne by the non-prevailing party.

Also, under **FEDERAL RULE OF CIVIL PROCEDURE 72(a)**, the Court may modify or reverse a decision of a magistrate judge on a non-dispositive issue upon a showing that the magistrate judge's decision is "clearly erroneous or contrary to the law." A finding is clearly erroneous when "the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." ***Anderson v. City of Bessemer*, 470 U.S. 564, 573 (1985) (quoting *United States v. United States Gypsum Co.*, 333 U.S. 364 395 (1948));** *see also* ***Weeks v. Samsung Heavy Industries Co. Ltd.*, 126 F.3d 926, 943 (7th Cir. 1997) ("The clear error standard means that the district court can overturn the magistrate judge's ruling only if the district court is left with the definite and firm conviction that a mistake has been made.")**.

Here, Defendant argues for a reversal of Magistrate Judge's ruling in order to sustain its objections to Plaintiff's Interrogatories 6 and 7. In the alternative, Defendant suggests a compromise as follows: that it be allowed an additional 21 days to provide responses to Interrogatories 6 and 7 *to the extent that such information is electronically available* (Doc. 22, pp. 9-10) (emphasis added). Defendant indicates that it does maintain a database tracking on-the-job reported accidents and was able, in response to Plaintiff's Interrogatory 5, to provide a list of persons reporting on-the-job accidents for the years 2003 through 2007 (Doc. 22, p. 6, Ex. D). This list consists of 53 pages, with each page containing approximately 40 employee

names – a total listing, therefore, of over 2,000 employee names.[2] As such, in addition to its initial objections, Defendant states that although such information sought by Interrogatories 6 and 7 exists and is within its possession, to gather and sort through all of its personnel and workers' compensation paper files to compile responsive answers would require manual searching, entailing many additional work hours (*Id.* at 6-7).[3] Certainly, Defendant asserts that it would take more than the 10 days provided by Magistrate Frazier's November 12, 2010 Order.

Defendant states that it has looked into whether some means of an electronic search could be developed to gather and provide responsive answers to Plaintiff's Interrogatories 6 and 7 (*Id.* at 7). Apparently, Defendant explains that it was able to reformat certain previously electronically-stored information, including a listing of all of its terminated employees from the years 2003 through 2007, so that it should now be able to enter an employee's name (from the previously produced 53-page list in response to Interrogatory 5) into the database and cross-reference it to determine whether that individual's employment was terminated, the date of termination and the reason for such termination (*Id.* at 7-8).[4] However, the catch is

---

[2] Defendant explains that it only provided information for 2003 through 2007, rather than the "last five years," as Interrogatory 5 requested, because Plaintiff's layoff occurred in 2007, so Defendant believes any information subsequent to his layoff would be irrelevant for purposes of discovery.

[3] Defendant explains that to gather this information would require a manual search of the files of each of the persons identified in the 53-page list of employees who reported an on-the-job accident during 2003 through 2007, amounting to over 2,000 employees (Doc. 22, p. 6).

[4] Defendant further acknowledges the fact that its responsive answer to Plaintiff's Interrogatory 5 did not include the employee's address and telephone numbers, as requested (Doc. 22, p. 8).

that Defendant does not believe it began electronically storing employee termination or resignation information until some time in 2006. In short, Defendant states that it is only able to electronically provide responsive answers to Interrogatories 6 and 7 for years different than 2003 through 2007 (*Id.* at 8).

Lastly, Defendant takes objection to Plaintiff's current demand for literal compliance with its Interrogatories 5, 6 and 7, basing its objection on the grounds that it would be unduly burdensome and irrelevant. In other words, Plaintiff sought such information for the past five years (i.e., from 2005 through 2010). Defendant provided four years' worth, from 2003 through 2007. Defendant asserts that to comply with the literal terms of the Interrogatories would require even more countless man hours of manual searching of individual workers' compensation and personnel files (*Id.* at 9).

In response, Plaintiff argues two main points: (1) Defendant has failed to offer any legal authority supporting its objections, as is required by Local Rule 33.1(a), and (2) Defendant admits it possesses the information sought by Plaintiff's Interrogatories 5, 6 and 7 (Doc. 23, p. 1). Plaintiff asserts that his requests in Interrogatories 5, 6 and 7 are relevant because he must often rely on an indirect method of proof for his retaliatory discharge claim:

> A finder of fact can infer retaliatory motive to discharge from how other employees, who had filed workers compensation claims, were treated. Unless defendant or an agent of defendant stands ready to admit a retaliatory motive for its employment decisions, plaintiff must rely on circumstantial and/or indirect evidence to sustain his claim. To that end, the relationship between defendant and employees who filed claims for workers compensation is particularly

important.

(Doc. 23, p. 3.)

Plaintiff notes that Defendant's response to Interrogatory 5 was not direct (*Id.*). Instead of listing its employees who have filed workers' compensation claims against it during the past five years, Defendant provided Plaintiff with a long list of employees who reported on-the-job injuries, and the time frame was for years 2003 through 2007, rather than the past five years.[5] Lastly, although Defendant argues that to comply with Judge Frazier's order would require additional time and many countless additional work hours, Plaintiff points out that he served his discovery requests upon Defendant back on June 10, 2010. Ultimately, Plaintiff requests that the Court deny Defendant's appeal of Judge Frazier's order and allow Defendant additional time to respond to the Interrogatories, by referring the matter back to Judge Frazier to determine a revised scheduling order (*Id.* at 5).

In weighing the Parties' respective arguments, the Court finds nothing clearly erroneous or contrary to the law regarding Judge Frazier's November 12, 2010 Order (Doc. 21). Clearly, Defendant has not made its case. First, as Plaintiff argues, Defendant fails to cite any supporting authority for its objections. The information sought by Plaintiff's Interrogatories 6 and 7 (and also for literal compliance with Interrogatory 5) is obviously relevant to Plaintiff's theory of the case.

---

[5] Plaintiff also notes that in its Motion, Defendant admits that the number of its employees who filed workers' compensation claims was "far less" than the number of employees provided in the 53-page list of those who had reported on-the-job injuries (Doc. 23, p. 3, citing Doc. 22, p. 6, n.2).

While Defendant asserts that compliance with Plaintiff's discovery requests would be unduly burdensome, this objection becomes distilled by the apparent fact that it has had these Interrogatories since June – nearly six months from the filing of Defendant's instant Motion. Simply because the information sought by Plaintiff is not electronically stored and therefore, not readily accessible, does not provide sufficient grounds to allow Defendant to shirk its obligation under the Federal Rules of Civil Procedure to provide responsive answers to Plaintiff's discovery requests. Defendant's avoidance of this obligation becomes more acute considering the fact Defendant admits that the information exists in paper format and is in its possession. There was a time before computers when parties still had to respond to discovery requests. The Court sees no reason why this particular case should be an exception.

The Court also finds Defendant's response to Plaintiff's Interrogatory 5 (*see* Doc. 22, Ex. D) to be incomplete. In other words, Defendant did not give a sufficiently responsive answer simply by providing a 53-page list of over 2,000 names of its employees who reported on-the-job injuries for the years 2003 through 2007, especially without providing any of their contact information, with the likely expectation that Plaintiff should then contact every person on the list to determine whether that employee filed a workers compensation claim against Defendant. Instead, Defendant needs to provide a responsive answer to Interrogatory 5 in a realistic and practicable format to be useable by Plaintiff. Should Defendant require

more time, as it asserts in its instant Motion, the Court does not see allowing an extension as a significant problem, as long as the request is reasonable and not simply for the purposes of further delaying the discovery process or harassing Plaintiff.

In sum, the Parties should first endeavor to agree upon a new response deadline to Plaintiff's Interrogatories 5, 6 and 7. If the Parties are unable to reach such an agreement, they should then contact Judge Frazier's chambers to set a scheduling conference in order that he may issue a revised scheduling order. The Parties are hereby **DIRECTED** to either file a status memorandum with the Court stating that they have reached such an agreement or contact Judge Frazier's chambers for a scheduling conference by **December 14, 2010**.

For the reasons set forth herein, Defendant's Objection to, or Appeal From, Magistrate's Order of November 12, 2010 (Doc. 22) is hereby **DENIED**, the November 12, 2010 Order (Doc. 21) is therefore **AFFIRMED**.

**IT IS SO ORDERED**.

Signed this 2nd day of December, 2010.

David R. Herndon
2010.12.02
17:18:51 -06'00'

**Chief Judge**
**United States District Court**